IN THE MATTER OF THE CUSTODY OF LESLIE CAROL MASON

No. 7127DC731

(Filed 29 December 1971)

1. Divorce and Alimony § 24— custody of minors — discretion of trial court

In determining child custody wide discretion is necessarily vested in the trial judge, who has the opportunity to see the parties and hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion.

2. Divorce and Alimony § 18— denial of alimony pendente lite — findings of fact

The trial court was not required to make negative findings of fact justifying his denial of an award of alimony *pendente lite* to the wife, the burden having been on the wife to establish her right to such alimony.

---

In re Custody of Mason

---

APPEAL by respondent (mother) from *Bulwinkle, District Judge,* 30 July 1971 Session of District Court held in GASTON County.

Billy Max Mason, the petitioner (father), filed a petition in the District Court praying that he be awarded custody of Leslie Carol Mason. Carolyn Sue Arnold Mason, the respondent (mother), filed answer in which she prayed for alimony without divorce, for alimony *pendente lite,* for custody of and support for Leslie Carol Mason, and for attorney fees.

The evidence was not included in the record on appeal. Appellant, the respondent (mother), does not contend that the findings of fact by the trial judge are not supported by the evidence, but only that the facts found do not support the conclusions of law.

The admissions in the pleadings establish that petitioner (father) and respondent (mother) are both residents of Gaston County; that petitioner and respondent were married to each other on 13 February 1967; that Leslie Carol Mason was born of the marriage; and that petitioner and respondent separated on 14 May 1971.

Upon respondent's demand in her answer for alimony *pendente lite* and custody of the child, notice was given to petitioner and hearing was held pursuant thereto.

The trial judge made conclusions of law as follows:

"That both petitioner and respondent are fit and proper persons to have the custody of the child of the parties;

"That the respondent is not a dependent spouse within the meaning of the North Carolina General Statutes;

"That the best interest and welfare of Leslie Carol Mason would be served if she is placed in the custody of the petitioner;

"That the respondent is not entitled to alimony or child support;"

An Order was thereafter entered awarding primary custody of Leslie Carol Mason to the petitioner (father). Respondent (mother) appealed.

*Childers & Fowler, by Henry T. Fowler, Jr., for petitioner (father).*

*Joseph B. Roberts III for respondent (mother).*

BROCK, Judge.

[1]  In determining child custody wide discretion is necessarily vested in the trial judge, who has the opportunity to see the parties and hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. *In re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524. It is perfectly clear from the findings of the trial judge why he did not award custody of the child to respondent (mother) ; therefore, his award of custody to petitioner (father) should not be upset on this appeal. The welfare of the child is always open to inquiry by the court, and upon showing of a change of circumstances the order of custody may be modified. G.S. 50-13.7(a).

[2]  Respondent (mother) argues that the trial judge failed to find facts which justify his denial of an award of alimony *pendente lite.* The trial judge is not required to make negative findings. Upon the application of respondent (mother) for alimony *pendente lite,* the burden was upon her to establish (1) that she is entitled to relief in her action for alimony without divorce, and (2) that she does not have sufficient means whereon to subsist during the prosecution of her claim or to defray the necessary expenses thereof. G.S. 50-16.3. Respondent (mother) still has an opportunity to bring her action to trial on the merits.

No error.

Judges BRITT and VAUGHN concur.