GEORGE FAULKNER HARRINGTON v. JANE PRITCHETT HARRINGTON

No. 7226DC775

(Filed 22 November 1972)

1. Divorce and Alimony § 24— custody order — sufficiency of findings and evidence
      Order awarding custody of two children of the parties to the mother with visitation privileges to the father was supported by sufficient findings of fact based on competent evidence.

2. Divorce and Alimony § 24— modification of custody order — change of conditions — change of residence
      A finding that the mother "is now residing in Mecklenburg County, North Carolina" is not a finding of a substantial change of circumstances that will support the modification of a child custody order. G.S. 50-13.7.

APPEAL by plaintiff from *Belk, District Judge,* 27 March 1972 Session of MECKLENBURG District Court.

This is an action for custody of children brought by plaintiff husband against defendant wife.

In his complaint filed 28 February 1972 plaintiff in perti-
nent part alleges: Plaintiff and defendant were married to each
other on 29 November 1963. Three children were born to the
marriage, namely, Leslie Jane, age 8, Bruce, age 7, and Amy,
age 4. On 29 June 1971 defendant abandoned plaintiff by leav-
ing their home in Charlotte and taking the children to New
York where she began living with another man. The custody
of Bruce has been previously granted to plaintiff under an order
of the Mecklenburg District Court. Defendant is an unfit per-
son to have custody of the children.

In her answer, defendant admitted the marriage and that
custody of Bruce had been awarded to plaintiff. She denied that
plaintiff is Leslie Jane's natural father but alleged that plain-
tiff had adopted her. Defendant pleaded a counterclaim in
which she set forth her contentions as to the parties' marital
troubles; she further alleged that she had returned to Charlotte
to live and that the best interest of all three children would be
promoted by awarding their custody to her. She asked for cus-
tody of the three children and that plaintiff be required to con-
tribute to their support.

Following a hearing the court entered an order finding,
among other things, that both plaintiff and defendant "are fit
and proper persons to have the care and custody" of the chil-
dren but their best interest and welfare would be promoted
by awarding their custody to defendant. The order awarded
custody of all three children to defendant, with visitation privi-
leges to plaintiff, and required that plaintiff, beginning in June
1972, pay $300.00 per month as support for the benefit of the
three children.

Plaintiff appealed from the order.

*Edwards and Millsaps by Joe T. Millsaps for plaintiff ap-
pellant.*

*Farris, Mallard & Underwood by E. Lynwood Mallard for
defendant appellee.*

BRITT, Judge.

[1] We hold that the part of the order awarding custody of
Leslie Jane and Amy to defendant with visitation privileges to
plaintiff is supported by sufficient findings of fact based on
competent evidence. Since the trial judge has the opportunity

to see the parties in person and to hear the witnesses, it is mandatory that the trial judge be given wide discretion in making a determination as to custody, and that determination will not be upset on appeal absent a clear showing of abuse of discretion. *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971). No abuse of discretion is made to appear here.

[2]   As to that part of the order awarding custody of Bruce to defendant, we hold that the court erred. The pleadings and the evidence established, and the court found as a fact, that Bruce's custody was awarded to plaintiff by an order of Mecklenburg District Court dated 26 August 1971. To modify or vacate an order of a court of this State providing for the custody of a minor child, there must be a showing of changed circumstances, G.S. 50-13.7, and the change of circumstances must be substantial. *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140 (1969). The only finding of change of circumstances as to Bruce was that "defendant is now residing in Mecklenburg County, North Carolina." We hold that this was not a *substantial* change of circumstances.

It would appear that any proceedings to determine Bruce's custody should be by motion in the cause in which his custody was previously awarded to plaintiff. G.S. 50-13.7.

Obviously, the $300.00 per month plaintiff is required by the order to pay for support of the children is based on the assumption he would be contributing to the support of three children. In view of our ruling as to Bruce, that part of the order providing for $300.00 monthly payments is vacated and the cause is remanded for further proceedings on that question.

As to custody of Leslie Jane and Amy, the order is affirmed.

As to custody of Bruce, the order is vacated.

As to amount of child support, the order is vacated and cause remanded.

Chief Judge MALLARD and Judge BROCK concur.