FLOYD EDSEL TAYLOR v. NANCY JEROME TAYLOR

No. 7328DC662

(Filed 12 December 1973)

**Infants § 8— custody proceeding — jurisdiction in another state — dismissal in N. C. proper**

In a child custody proceeding the trial court did not abuse its discretion in dismissing plaintiff's action under G.S. 50-13.5 (c) (5) where the trial court found that an Illinois court had assumed jurisdiction over the matter and that the best interests of the children would be served by having the matter disposed of in Illinois.

APPEAL from *Styles, Judge,* 18 May 1973 Session of BUNCOMBE County District Court.

Plaintiff and defendant in this action are husband and wife, and prior to 2 September 1972, they lived with their four minor children in Lake County, Illinois. On 2 September 1972, plaintiff moved to Buncombe County, North Carolina, with the four minor children.

Prior to his departure from Illinois, plaintiff commenced an action in the Illinois Circuit Court seeking divorce from defendant and custody of the four minor children. The complaint was filed on 17 July 1972, and summons was returned showing service on defendant on 24 July 1972. Defendant filed her answer on 16 August 1972, wherein she counterclaimed for divorce and custody of the children.

Subsequent to plaintiff's departure from Illinois, defendant moved that the court award her temporary exclusive possession of the Illinois home, temporary alimony and attorneys fees, that the court order plaintiff to return the children to Illinois, and that the plaintiff be restrained from interfering with defendant.

Taylor v. Taylor

On 12 September 1972, the Illinois Circuit Court entered an order granting the relief sought by defendant's motion. The order of Judge Kaufman recited "THIS COURT TO RETAIN JURISDICTION FOR COMPLIANCE OF THIS ORDER."

On 14 September 1972, plaintiff instituted an action for custody by filing a complaint in Buncombe County District Court, North Carolina. Judge Allen awarded temporary custody to plaintiff.

Defendant filed answer on 24 October 1972, praying that the court relinquish jurisdiction of the matter to the Circuit Court of the Nineteenth Judicial District of Lake County, Illinois.

When this cause was tried, Judge Styles received into evidence court records of the Illinois proceedings. The court thereupon made the following findings of fact:

"1. That this Court has jurisdiction over the parties to this action and to the minor children born of the marriage between the parties; and that this action is one for the custody of such minor children;

2. That the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, has assumed jurisdiction to determine the matters involved in this action;

3. That the best interests of the children, to wit: JEROME C. TAYLOR, JEFFERSON J. TAYLOR, JAMES M. TAYLOR and JASON H. TAYLOR and the parties hereto, to wit: FLOYD E. TAYLOR and NANCY J. TAYLOR would be served by having the matter disposed of in that jurisdiction, to wit: the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois."

The court, pursuant to G.S. 50-13.5(c) (5) refused to exercise jurisdiction and dismissed the action. From the dismissal of the action, plaintiff appeals.

*Roberts and Cogburn, by Max O. Cogburn, for plaintiff appellant.*

*Adams, Hendon and Carson, P.A., by James Gary Rowe, for defendant appellee.*

---

Taylor v. Taylor

---

MORRIS, Judge.

Plaintiff's sole assignment of error is to the District Court's refusal to exercise jurisdiction and its entering of the order to dismiss the action. We hold that the District Court did not err.

G.S. 50-13.5 (c) (5) reads as follows:

"(c) Jurisdiction in Actions or Proceedings for Child Support and Child Custody.

(5) If at any time a court of this State having jurisdiction of an action or proceeding for the custody of a minor child finds as a fact that a court in another state has assumed jurisdiction to determine the matter, and that the best interests of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court of this State may, in its discretion, refuse to exercise jurisdiction, and dismiss the action or proceeding or may retain jurisdiction and enter such orders from time to time as the interest of the child may require."

Plaintiff's contention is that the above statute is not satisfied by a finding that the courts of another state have assumed jurisdiction; rather, he contends, the court of the other state must in fact have had jurisdiction. This contention is untenable.

The language of G.S. 50-13.5 (c) (5) is unequivocal. The court did in fact find that the Illinois Court assumed jurisdiction and that the best interest of the children would be served by having the matter disposed of in Illinois. These findings were supported by competent evidence, i.e., the records of the proceeding in the Illinois Circuit Court. Therefore, we hold that the District Court did not abuse its discretion in dismissing the action under G.S. 50-13.5 (c) (5).

Affirmed.

Chief Judge BROCK and Judge BRITT concur.