JULIAN T. MATHEWS v. ULDINE H. MATHEWS

No. 746DC884

(Filed 5 February 1975)

Infants § 8— custody order of another state — requisites for awarding full faith and credit
    The district court had the authority to recognize and accord full faith and credit to the custody decree of the S. C. court and to implement this judgment by ordering that the parties' son, who was in N. C., be returned to the jurisdiction of that court, provided that it determine, pursuant to G.S. 50-13.5(c)(5), that the S. C. Family Court had assumed jurisdiction and that the best interests of the child and the parties would be served thereby.

APPEAL by plaintiff from *Gay, Judge,* 27 May 1974 Session of District Court held in HERTFORD County. Heard in the Court of Appeals 17 January 1975.

Plaintiff and defendant were married on 20 April 1952, and lived with their two minor children in Lexington County, South Carolina. They separated in August 1969.

On 19 October 1972, plaintiff filed action in South Carolina for divorce and custody of the two children, alleging that he had taken his son, Julian T. Mathews, Jr., now age 13, at his request, to his sister's home in North Carolina. By order of the same date, the Lexington County Family Court set the custody hearing for 19 December, 1972, awarding temporary custody of the son to plaintiff.

The parties and their counsel were present for the hearing, and the court found that it could not make a determination without having the son before the court, and by order dated 19 December, 1972, directed that plaintiff return the son to the home of defendant on 24 December 1972 for a visit of three days and to have the son in court on 27 December, 1972 for the determination of permanent custody.

Plaintiff did not return the child to defendant or to the court as ordered. He immediately left South Carolina and went to Hertford County in this State where he has since resided with his son.

On 19 July 1973, plaintiff filed this action seeking divorce and custody of the son. Defendant filed answer and counterclaim alleging abandonment and indiginities and seeking custody of the son.

At the custody hearing on 30 May 1974, Judge Gay received in evidence court records of the South Carolina proceedings and affidavits of defendant and her physician relative to her fitness. Plaintiff offered no evidence. The court thereupon found facts and adjudged that the order of the South Carolina Family Court, dated 2 December 1972, be given full faith and credit, and that to implement the same, plaintiff return the son to defendant in South Carolina. From this judgment, plaintiff appeals.

*Howard P. Satisky for plaintiff appellant.*

*Revelle, Burleson and Lee by L. Frank Burleson, Jr., for defendant appellee.*

CLARK, Judge.

Plaintiff assigns as error the judgment of the District Court giving full faith and credit to the order of the South Carolina Family Court and implementation.

G.S. 50-13.5(c)(5) reads as follows:

"(c) Jurisdiction in Actions or Proceedings for Child Support and Child Custody.—

*   *   *

(5) If at any time a court of this State having jurisdiction of an action or proceeding for the custody of a minor child finds as a fact that a court in another state has assumed jurisdiction to determine the matter, and that the best interests of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court of this State may, in its discretion, refuse to exercise jurisdiction, and dismiss the action or proceeding or may retain jurisdiction and enter such orders from time to time as the interest of the child may require."

The courts of this State will accord full faith and credit to the custody decree of a sister state which had jurisdiction of the parties and the cause as long as the circumstances attending its rendition remain unchanged. However, when a child comes to this State, our court has jurisdiction to order a change in custody if it is found that conditions and circumstances have changed since the entry of the last decree and that the child's best interests will be served. The rule is that the welfare of the child whose custody is in controversy is "the polar star by which the courts must be guided in awarding custody." *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537 (1973) ; *Taylor v. Taylor,* 20 N.C. App. 188, 201 S.E. 2d 43 (1973).

The District Court had the authority to recognize and accord full faith and credit to the custody decree of the South Carolina Court and to implement this judgment by ordering that the son be returned to the jurisdiction of that court, *provided* that it determine, pursuant to G.S. 50-13.5(c)(5), that the South Carolina Family Court assumed jurisdiction and that the best interests of the child and the parties would be served. It is noted that the son has been in the State of North Carolina with

the plaintiff since the entry of the decree by the South Carolina Court in December 1972.

The judgment is vacated, and this cause is remanded to Hertford County District Court with directions that the court conduct proceedings consistent with this opinion.

Chief Judge BROCK and Judge BRITT concur.