JERRY WAYNE DEAN v. BETTY CULBRETH DEAN

No. 769DC697

(Filed 2 March 1977)

1. **Divorce and Alimony § 24; Constitutional Law § 22— child custody — spiritual welfare — separation of church and state**

    The evidence in a child custody proceeding supported the court's finding that defendant mother had not taken the child to church or Sunday School on a regular basis, and the court's consideration of the child's spiritual welfare in determining custody did not violate constitutional provisions relating to the separation of church and state.

2. **Divorce and Alimony § 24; Infants § 9— child custody — birth of illegitimate children — change in circumstances**

    The fact that defendant mother has given birth to two illegitimate children since her divorce from plaintiff and the award of child custody to her and is rearing the illegitimate children in her home is a sufficient change in circumstances to justify a change in the custody of the child.

APPEAL by defendant from *Allen, Judge.* Judgment entered 12 March 1976 in District Court, PERSON County. Heard in the Court of Appeals 8 February 1977.

This appeal arises from a motion in the cause filed by plaintiff seeking a change in the custody of Jason Barrett Dean, five years old, born of the marriage between plaintiff and defendant.

Plaintiff and defendant were divorced on 29 June 1972. At that time, custody of Jason was awarded to defendant. On 12

Dean v. Dean

June 1975 plaintiff filed a motion in the cause seeking a change in custody based on a change in circumstances. Prior to the hearing, the parties stipuated that two illegitimate children were born to defendant following her divorce from plaintiff.

At the hearing both parties presented extensive evidence. Following the hearing, the trial court made findings of fact and concluded that defendant was not a fit and proper person to have custody of Jason. From the order awarding custody to plaintiff, defendant appealed.

*Daniel F. Finch and Thomas L. Currin, for plaintiff appellee.*

*Broughton, Broughton, McConnell & Boxley, P.A., by John D. McConnell, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends that the court erred in finding and concluding that her failure to take Jason to church and Sunday School was jeopardizing his spiritual values. This contention is without merit.

[1]  Defendant argues that this finding is not supported by evidence and that the court's consideration of church attendance is forbidden by the United States and North Carolina Constitutions. We disagree.

We think the finding that defendant had not taken Jason to church or Sunday School on a regular basis is adequately supported by competent evidence. Defendant detailed her weekends with her children but no mention was made of church attendance. Furthermore, a defense witness, who was a Sunday School teacher, testified that she would love to take Jason to church although she had never done so. The findings of the trial court are conclusive when supported by competent evidence. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

Defendant's argument that this finding violates the constitutional provisions concerning the separation of church and state is also without support. Certainly, the trial court cannot base its findings on the preferability of any particular faith or religious instruction. However, as stated in *Blackley v. Blackley,* 285 N.C. 358, 362, 204 S.E. 2d 678, 681 (1974):

"The welfare of the child is the paramount consideration which must guide the Court in exercising this discretion.

Thus, the trial judge's concern is to place the child in an environment which will best promote the full development of his physical, mental, moral and spiritual faculties. . . ."

We think the spiritual welfare of a child is a factor that may be considered by the trial court in making a custody determination. Therefore, this assignment is overruled.

The trial court also found that at the time of the original award of custody to defendant "no findings of fact were made as to the custody of the minor child." Defendant contends that this finding is error since it has no bearing at this point on the question of whether custody should remain in defendant. We fail to perceive any error in this finding by the trial court. The court's findings are supported by competent evidence and are therefore conclusive on appeal.

[2] Defendant contends that the trial court erred in finding and concluding that there had been a material change of conditions affecting the child's custody in that defendant had given birth to two illegitimate children since the original award of custody. This contention is without merit.

Defendant argues that the mere showing of the birth of two illegitimate children is not sufficient to support the conclusion that there has been a material change in circumstances. She relies on the line of cases that have held that a parent who commits adultery does not automatically, *per se*, become unfit to have custody of children. *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545, *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356 (1972) ; *In re McCraw Children,* 3 N.C. App. 390, 165 S.E. 2d 1 (1969). We think the principle stated in those cases does not apply here and hold that the fact that defendant had given birth to two illegitimate children and was rearing them in her home, was a sufficient change in circumstances to justify a change in the custody of Jason.

Defendant's final contentions are that the court erred in concluding that she was not a fit and proper person to have custody of her child and that it would be in the best interest of Jason to place him in the custody of plaintiff. These contentions lack merit.

The welfare of the child is the polar star by which the courts must be guided in awarding custody. *In re Moore,* 8 N.C. App. 251, 174 S.E. 2d 135 (1970). In determining custody, the

court must consider all of the facts of the case and decide the issue in accordance with the best interests of the child. *Paschall v. Paschall,* 21 N.C. App. 120, 203 S.E. 2d 337 (1974). The decision to award custody of a child is properly vested in the discretion of the trial judge who has the opportunity to see the parties in person, to hear and observe the witnesses, and his decision should not be disturbed on appeal absent a clear showing of abuse of discretion. *Savage v. Savage, supra.*

Competent evidence supports each of the court's findings of fact, which, in turn, support its conclusions of law. Also, we fail to perceive any abuse of discretion in the conclusion that the best interest and welfare of Jason would be promoted by awarding his custody to plaintiff. Therefore, the order appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.