CLINTON W. SEARL v. JUDY SEARL

No. 7710DC33

(Filed 7 December 1977)

1. **Divorce and Alimony § 26.1— Texas custody decree—full faith and credit properly given**

    The trial court did not err in giving full faith and credit to a Texas decree which placed custody of three children of the parties' marriage in defendant, since the Texas court did not lose jurisdiction over the parties and the children by virtue of the removal of the children from Texas to N. C. subsequent to the filing of action which led to the custody decree; finding by the Texas court that the best interests of the children would be served by awarding custody to defendant, though that was the only finding by the court, was sufficient to support the decree; and the decree was not interlocutory, though it provided that plaintiff should deliver the children to defendant on demand.

2. **Divorce and Alimony § 26.2— Texas custody decree—no changed circumstances—no findings of fact required**

    The trial court did not err in denying plaintiff's prayer to modify or supersede a Texas child custody award based on changed circumstances and in failing to make findings of fact to support such denial, since there was in fact no evidence of changed circumstances presented to the court, and since the court was not required to make negative findings of fact justifying a holding that plaintiff failed to meet his burden of proof on that issue.

3. **Divorce and Alimony § 26.1— foreign custody order—modification—best interests of child—when findings are required**

    When the court gives full faith and credit to a foreign custody decree, the court is required to make findings as to the best interests of the child only if the foreign action is pending but not if a custody order has already been entered in another state. G.S. 50-13.5(c)(5); G.S. 50-13.7(b).

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 7 October 1976 in District Court, WAKE County. Heard in the Court of Appeals 29 September 1977.

This is an action by plaintiff seeking an order awarding to him custody of the three minor children born of his marriage to defendant, or in the alternative, a modification of a prior Texas court custody decree on the grounds of changed circumstances. Defendant, a resident of the State of Texas, filed an answer and asserted the provisions of the Texas court decree granting custody of the three minor children to her.

In 1974 and 1975 plaintiff (husband) and defendant (wife) were residents of the State of Texas. An action for divorce was in-

stituted by wife in July 1974 in the Domestic Relations Court, Taylor County, Texas. On 25 July 1974 an order was entered in the Texas court awarding temporary custody of the children to wife and restraining husband, among other things, from interfering in any way with wife's "possession of the minor children of the parties by taking or attempting to take the children either directly or through an agent from home, school, or any other place." Husband, wife, and children were present in Texas and subject to the jurisdiction of the Texas court.

In April 1975, wife went into the hospital where she remained for three months for psychiatric treatment. During the wife's hospitalization, husband took the three children to his home. No change in the Texas court custody order was sought. In September or October of 1975, husband moved from Texas to North Carolina, bringing the children with him. He did not notify wife of his and the children's whereabouts. Husband maintained an unlisted telephone number in North Carolina. He notified his attorney in Texas of his North Carolina address and telephone number.

The divorce action instituted by wife in Texas was scheduled for trial on more than one occasion. It was continued once upon request of husband's Texas attorney. The divorce action was finally scheduled for trial and was tried on 8 December 1975 in the Domestic Relations Court, Taylor County, Texas. The motion by husband's Texas attorney for a continuance of the 8 December 1975 trial date was denied. Following the trial on 8 December 1975, at which neither husband nor his attorney appeared, a final decree was entered on 23 December 1975. The Texas decree awarded primary custody of the three children to wife, and granted husband generous visitation privileges. The decree further directed husband to deliver said children, upon demand, to wife.

On 23 December 1975, wife called husband's parents in the State of Delaware trying to determine the whereabouts of the children. She was advised that husband and the children were living in North Carolina, and was given husband's unlisted telephone number. Thereafter wife contacted the children by telephone, but did not see them until the day of the trial of this case in North Carolina.

The North Carolina court awarded full faith and credit to the Texas Decree and ordered the enforcement of the Texas Decree.

Plaintiff (husband) appealed.

*Carter G. Mackie for plaintiff.*

*Boyce, Mitchell, Burns & Smith, by G. Eugene Boyce and Lacy Presnell III, for defendant.*

BROCK, Chief Judge.

The plaintiff (husband) has made 35 assignments of error in the record on appeal, and purports to argue 31 of them in his brief. It is impossible to address these separately because they overlap in theory and subject matter. We have determined that this appeal presents two basic questions for resolution.

    I. Did the District Court err in affording full faith and credit to the Texas Decree and in ordering its enforcement?

    II. Did the District Court err in denying plaintiff's prayer to modify or supersede the Texas custody award based on changed circumstances, and in failing to make findings of fact to support such denial?

I

[1] It is well-established that our courts will accord full faith and credit to the custody decree of a sister state which had jurisdiction over the parties and the cause so long as the circumstances of its rendition remain unchanged. *Spence v. Durham*, 283 N.C. 671, 198 S.E. 2d 537 (1973), *cert. den.* 415 U.S. 918 (1974). Husband asserts that the Texas court had lost its jurisdiction over the minor children at the time of the entry of its decree due to their absence from Texas.

The validity and effect of a foreign judgment must be determined by the laws of the state wherein the judgment was rendered. *Marketing Systems v. Realty Co.*, 277 N.C. 230, 176 S.E. 2d 775 (1970). Under Texas law, the Texas Domestic Relations Court did not lose jurisdiction over the parties and the children by virtue of the removal of the children from the State of Texas *subsequent* to the filing of action which led to the custody decree. *Smith v. Ansley*, 257 S.W. 2d 156 (Tex. Civ. App.

1953). Husband admits that the Texas court acquired jurisdiction over him and the children at some stage of the proceedings which were commenced by wife on 25 July 1974. He argues however that the Texas court lost its jurisdiction when he moved with the children to North Carolina in October or November 1975, and thus did not have jurisdiction when the custody decree was entered on December 23, 1975. This argument is without merit.

Husband also asserts that the Texas decree is void on its face, for lack of findings of fact, and thus not entitled to full faith and credit. Again, we look to Texas law. Vernon's Texas Family Code Annotated § 11.16 provides that "[t]he decree in a suit affecting the parent-child relationship shall recite . . . relevant facts on which the findings and orders are based." The Texas court in the instant case found merely that the best interests of the children would be served by awarding custody to their mother, the appellee. There were no other factual findings to support the finding.

In *Adams v. Adams*, 519 S.W. 2d 502 (Tex. Civ. App. 1975), the trial court, as in the instant case, had merely recited the best interests language in making the custody award. On appeal, in the face of an argument that the judgment was void on its face for failure to state facts upon which the custody award was based, it was held, in interpreting the above cited statute, that although the best practice is to recite certain basic facts, where the evidence supports the findings, the failure to find facts is harmless error. Under Texas law, where there is a specific finding that it is in the best interests of children for their custody to be in a party, the judgment awarding custody establishes a finding that that party was at the time a suitable person to have custody. *Thomason v. Thomason*, 332 S.W. 2d 148 (Tex. Civ. App. 1959). Thus the Texas decree awarding custody of the children to appellee is not void on its face, and is *res judicata* as to the issues determined.

Finally, husband contends that the Texas decree is not entitled to full faith and credit because it is not a final judgment. He argues that the language in the decree requiring him to deliver the children to wife *on demand* renders the decree interlocutory. This argument is feckless. The custody award clearly contains no language which would render it interlocutory. The on demand language merely refers to the execution of the custody decree.

## II

In determining questions of child custody, wide discretion is vested in the trial judge who has the opportunity to see and hear the witnesses; absent abuse of this discretion, the judge's decision will not be upset. *In re Custody of Mason*, 13 N.C. App. 334, 185 S.E. 2d 433 (1971). G.S. 50-13.7(b) authorizes a court of this state, upon gaining jurisdiction and upon a showing of changed circumstances, to modify or supersede the custody order entered by a court of another state. The party moving for modification assumes the burden of proving a substantial change of circumstances affecting the welfare of the child. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). It must be shown that the circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified; more must be shown than the removal by one parent of a child from a jurisdiction which might enter a decision adverse to the removing parent. *Rothman v. Rothman*, 6 N.C. App. 401, 170 S.E. 2d 140 (1969).

[2] In this case, the district court concluded as a matter of law that there had been "no material changes of circumstances with respect to the custody and welfare of the minor children since December 23, 1975 . . . ." Although the district court made no underlying findings of fact specifically relating to circumstances, which may or may not have changed, affecting the welfare of the children or the fitness of the parents, it has been held that the trial court is not required to make negative findings of fact justifying a holding that a party has not met his or her burden of proof on an issue. *In re Custody of Mason, supra.* Assuming that the above conclusion of law is based upon an implicit finding of fact to the same effect, a finding by the district court that there has been no sufficient change of circumstances to justify modification of a custody order is conclusive and binding on this court if supported by competent evidence. *In re Harrell*, 11 N.C. App. 351, 181 S.E. 2d 188 (1971).

The evidence before the district court and the findings of fact in this case show that indeed no circumstances had changed regarding the welfare of the children since the entry of the Texas decree on December 23, 1975. On that date, the children were living with husband in North Carolina and continued to do so through the proceedings in district court below. As discussed in

Part I, under Texas law, the judgment awarding custody to wife established that she was a suitable person to have custody. Husband presented no evidence to show any change in that circumstance.

[3]  Husband argues that the district court's judgment erroneously awarded custody without supporting findings or conclusions. The district court purported to exercise jurisdiction to determine custody in its discretion under G.S 50-13.5(c)(5). A trial court, proceeding under this section either in exercising or refusing to exercise jurisdiction, must make findings of fact regarding the best interests of the child. *Mathews v. Mathews*, 24 N.C. App. 551, 211 S.E. 2d 513 (1975). However, G.S. 50-13.5(c)(5) should be read to apply only when a custody proceeding is *pending* in another state. G.S. 50-13.7(b) applies when a custody order *has been entered* in another state. This section allows modification of the foreign decree upon a showing of changed circumstances. Although purporting to act under G.S. 50-13.5(c)(5), the district court found that husband had not shown changed circumstances which would warrant modification under G.S. 50-13.7(b). As noted earlier, the court is not required to make negative findings of fact. The Texas court ruled on the best interests of the children, and husband failed to show any change in circumstances. To the extent that *Mathews v. Mathews, supra* indicates that upon according full faith and credit to a foreign custody decree and ordering its enforcement the trial court must make findings of fact as to the best interests of the child, that case is distinguishable from the instant case in that it dealt with an application of G.S. 50-13.5(c)(5) when a custody action was *pending* in South Carolina, and the North Carolina court was ordering the return of the child to the jurisdiction of the South Carolina court for determination of custody.

The judgment of the District Court, Wake County is

Affirmed.

Judges PARKER and ARNOLD concur.