VERNON P. GORDON v. JANICE JARMAN GORDON

No. 798DC933

(Filed 6 May 1980)

1. **Divorce and Alimony § 25.8— child custody—parent's change of residence—modification on basis of substantial change**

     The mere fact that either parent changes his residence is not a substantial change of circumstance, and the effect of the change on the welfare of the child must be shown in order for the court to modify a custody decree based on change of circumstances.

2. **Divorce and Alimony §§ 24.1, 27— amount of child support—insufficiency of evidence—attorney's fees improperly awarded**

     The trial court erred in awarding child support where defendant offered evidence of the monthly expenses for her and her sixteen year old daughter, but there was no evidence offered tending to show the amount necessary to meet the reasonable needs of the four year old boy whose custody was in question; furthermore, the court erred in ordering plaintiff to pay attorney's fees of $250 when no evidence was offered tending to show the nature of the legal services rendered or the amount of the fees, and there were no findings of fact as to the amount or reasonableness of the attorney's fees incurred.

APPEAL by plaintiff from *Wright, Judge.* Judgment entered 13 June 1979 in District Court, LENOIR County. Heard in the Court of Appeals 29 February 1980.

This is an appeal from an order modifying a custody decree on the basis of change of circumstances. Pursuant to an order entered on 2 November 1977 in the original custody action, plaintiff father was awarded custody of the minor child, Vernon Bradley Gordon, age 33 months. Defendant mother was awarded custody of the minor child, Rebecca Susan Gordon, age 16. In the 2 November 1977 order, with regard to the minor child, Vernon Bradley Gordon, whose custody is in issue, Judge Patrick Exum found the following facts:

     10. That both plaintiff and defendant are fit and proper persons to have the care, custody and control of the children of the marriage, to wit, Rebecca Susan Gordon, age 16, and Vernon Bradley Gordon, now age 33 months, but considering all of the circumstances, the best interests and general welfare of the children would be promoted and served by the awarding of custody of the youngest child, Vernon Bradley

Gordon, age 33 months, to the plaintiff, and by awarding of the custody of the oldest child to the defendant, the mother.

\*      \*      \*

12. That defendant has moved a mobile home to a mobile home park in Wayne County where the same has been set up at a point close to an elementary school located in Wayne County. . . . That the home in which plaintiff and the youngest child of the marriage, Vernon Bradley Gordon, resides is a three-bedroom, brick home, with a living room, a den, a dining room, a kitchen with dinette and a utility room, with two baths and with a fenced in back yard, located in a nice neighborhood a short distance from a good elementary school and other needed facilities.

13. That during the time that plaintiff is at work, the youngest child stays with the babysitter, Becky Barnette, in a mobile home which is adequately furnished and in a proper environment.

14. That the home of the defendant is a mobile home located at Camelot Trailer Park located next to Eastern Wayne Elementary School in a rural area approximately four miles from Goldsboro. The trailer park is not densely populated and it has approximately 40 trailers in the trailer park. The trailer park is well kept but the nature of the neighbors is not known. That said mobile home is a three-bedroom mobile home with a living room and dining room combination, a kitchen and a portico with one bath. Said mobile home is neat and attractively furnished and the kitchen is adequate.

15. That the youngest child has lived in the home in which he and his father now reside since said child was adopted and it would prove to be disruptive to remove him from said environment. That the child would actually receive more love and attention if he were left with his father in a familiar situation and environment than he would if he were removed from said environment and placed in a new, strange environment in Wayne County in a strange neighborhood and with a strange and unfamiliar nursery or babysitting arrangement.

\*      \*      \*

Gordon v. Gordon

17. That the home of the plaintiff and the home of the defendant are both located in areas where they are adequately served by schools, shopping center and other related activities. It is not known who resides in the other mobile homes located in Camelot Trailer Park where the mother resides but that in the neighborhood where the father and said child presently resides, there are many children of fine families who reside there of approximately the same age as said youngest child.

On 22 August 1978, defendant wife filed a motion in the cause seeking a change of custody of her son based on material change in circumstances since the entry of the 2 November 1977 order. After a hearing on 20 May 1979, in the order of 13 June 1979, Judge Paul M. Wright made the following findings of fact pertinent to change of circumstances:

6. That one of the reasons for the Court's award of custody of the younger child to the plaintiff was the stated finding of the Court in paragraph 15 of its findings (Page 5) that it would be disruptive to the child to remove him from the home in which he had been living and that the child would actually receive more love and attention if he were left with his father in a familiar situation and environment than he would if removed from said environment and placed in a new, strange environment in Wayne County in a strange neighborhood with a strange and unfamiliar nursery or babysitting arrangement.

7. That subsequently to the entry of the order of November 2, 1977, the plaintiff, while living in the residence with his minor son, defaulted upon the payments secured by deed of trust on said residence and the property was thereafter foreclosed necessitating the moving of the plaintiff and his minor son from the home.

8. That since the foreclosure and sale of the former residence of the parties, the plaintiff and his minor son have lived in three separate residences in three separate neighborhoods, to wit:

1. A mobile home in a mobile home park.

2. The home of one of the plaintiff's sisters.

3. A rented home, which they now occupy.

9. That there has been a substantial change in the circumstances that led to the Court's award of custody of Vernon Bradley Gordon to the plaintiff, inasmuch as the default by the plaintiff in the payment of the secured indebtedness on the residence of the parties has frustrated the Court's intention, as expressed in the order of November 2, 1977, to have the child remain in the home in which he has been living throughout his life; and that the movement of the child since the foreclosure sale of said residence has resulted in the placement of the child in strange neighborhoods which the Court's order of November 2, 1977, sought to avoid.

*  *  *

13. That because of the change in the living conditions of the child, Vernon Bradley Gordon, since the entry of the order of November 2, 1977, and because of his tender years, the Court finds that it is in the best interest of said child that custody be split or divided between the parties hereto with the primary custody awarded to the defendant, and the plaintiff awarded custody as follows: . . .

From the order dividing the custody of Vernon Bradley Gordon among plaintiff and defendant and awarding defendant child support and attorneys fees, plaintiff appeals.

*White, Allen, Hooten, Hodges & Hines, by John M. Martin, for plaintiff appellant.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellee.*

MARTIN (Robert M.), Judge.

Plaintiff contends that the trial court erred in entering the order modifying a previous custody order without a finding of substantial change in circumstance affecting the welfare of the child. This contention has merit.

G.S. § 50-13.7(a) provides that an order of a court of this State providing for the custody of a minor child may be modified upon a showing of changed circumstances. "However, the party moving for modification of a custody order has the burden of showing that there has been a *substantial* change of circum-

stances affecting the *welfare of the child.*" (Citations omitted.) *King v. Allen,* 25 N.C. App. 90, 92, 212 S.E. 2d 396, 397, *cert. denied* 287 N.C. 259, 214 S.E. 2d 431 (1975). It must be shown that the circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified. *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140 (1969).

[1] This is a closely contested case in which the court found that both parents were fit and proper persons to have custody of the child. Upon a report from the Department of Social Services, the trial judge carefully weighed and made detailed findings of fact concerning the home, neighborhood and surroundings which each parent could offer the child. In awarding custody to the father, the trial judge found that it would be disruptive to remove the child from the home in which he and his child had resided since the child was adopted and that the child would actually receive more love and attention if he were left with his father in a familiar situation and environment than if he were placed in a new environment and in a strange, unfamiliar neighborhood and nursery.

Upon the hearing on modification, Judge Wright, in removing primary custody from the father, found that "there has been a substantial change in the circumstances that led to the Court's award of custody . . . to the plaintiff, inasmuch as the default by the plaintiff . . . has frustrated the Court's intention . . . to have the child remain in the home in which he has been living throughout his life . . ." Assuming *arguendo* that remaining in the homeplace was the decisive factor in favor of placing custody with the father, that reason no longer exists. Neither party can retore the child to the familiar homeplace they once shared. Frustration of the court's intention, however, is not in itself a proper finding upon which to modify a custody award. *See In re Poole,* 8 N.C. App. 25, 173 S.E. 2d 545 (1970) (the finding of a wilful, intentional, heedless violation of a direct order in a custody award that the children not associate with a certain person is not a substantial change of circumstance where there is no finding that said association with the child's mother is immoral or detrimental to the children's welfare). The welfare of the child, not the frustration of the court order is the determinative factor.

---

---

In the case *sub judice*, the only finding of change of circumstance is that the child has moved from his original home to "strange," i.e. unfamiliar neighborhoods. There are no findings that the moves proved disruptive or detrimental to the child's welfare; that the home and surrounding neighborhood in which the child presently lives differs from his original home, is inadequate, or has an adverse effect on the child's welfare or that the placement of the child in an unfamiliar neighborhood has had any impact on the child's adjustment. The mere fact that either parent changes his residence is not a substantial change of circumstance. *See Harrington v. Harrington*, 16 N.C. App. 628, 192 S.E. 2d 638 (1972) (where the only finding of change of circumstance was that defendant, the party seeking custody, "is now residing in Mecklenburg County, North Carolina," held not a *substantial* change of circumstance). *Rothman v. Rothman*, 6 N.C. App. 401, 170 S.E. 2d 140 (1969) (more must be shown than a removal by one parent of a child from a jurisdiction which may enter an adverse decision to the removing parent), *accord, Searl v. Searl*, 34 N.C. App. 583, 239 S.E. 2d 305 (1977). Where a parent changes his residence, the effect on the welfare of the child must be shown in order for the court to modify a custody decree based on change of circumstance.

The facts found, therefore, do not support the conclusions that there has been a "substantial change in conditions" and that it is "in the best interest of the child that custody be split or divided among the parties." "[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child is subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby*, 272 N.C. 235, 238-39, 158 S.E. 2d 77, 80 (1967). (Citation omitted.)

[2]   Plaintiff further contends that the court erred in awarding child support when no evidence was offered tending to show the individual needs and expenses of the minor child who was the subject of the custody hearing. We agree. Although defendant offered evidence of the monthly expenses for her and another minor child, there was no evidence offered tending to show the amount necessary to meet the reasonable needs of the child, Vernon Bradley, for his health, education and maintenance pursuant to G.S. 50-13.4. The expenses of a teenage daughter bear no relation-

ship to those of a four year old son. The court's finding of fact that $50.00 a month is a reasonable and necessary amount for the plaintiff to pay for the support of said child while he is in the custody of defendant is not supported by competent evidence. *Martin v. Martin*, 35 N.C. App. 610, 242 S.E. 2d 393, *cert. denied* 295 N.C. 261, 245 S.E. 2d 778 (1978). Similarly the court erred in ordering plaintiff to pay attorney's fees of $250.00 when no evidence was offered tending to show the nature of the legal services rendered or the amount of the fees and there were no findings of fact as to the amount or reasonableness of the attorney's fees incurred. *Rogers v. Rogers*, 39 N.C. App. 635, 251 S.E. 2d 663 (1979).

We do not consider other errors contended for by plaintiff as they may not occur upon a new hearing.

The order is vacated and remanded for detailed findings of fact on the issue of change of circumstance from the record as it is now constituted or for such further hearing as the court may deem advisable.

Vacated and remanded.

Judges CLARK and ERWIN concur.