VICTORIA ANN KUHLMAN KELLY (NOW DAVIS) v. RANDELL LEE KELLY

No. 8521DC435

(Filed 5 November 1985)

1. **Divorce and Alimony § 23.6— child custody—refusal to decline jurisdiction— inconvenient forum**

The trial court did not err in refusing to decline to exercise jurisdiction of a proceeding to change child custody under G.S. 50A-7(a) on the ground of inconvenient forum where the child had lived most of her life in North Carolina and had only recently left this state, both parents spent time caring for the child in North Carolina, both sets of grandparents reside in North Carolina, the character of both parents is known in this state, and only the fact that the child and her mother resided in Wisconsin for the nine months immediately preceding the custody modification hearing supported deferring jurisdiction to Wisconsin.

2. **Divorce and Alimony § 24.8— modification of child custody—remarriage— move to another state—insufficient change of circumstances**

Remarriage of the mother was not a sufficient change of circumstances to justify modification of a child custody order without a finding of fact indicating the effect of remarriage on the child. Nor did a change of residence to another state constitute a substantial change of circumstances without a showing that the move to an unfamiliar place proved disruptive or detrimental to the child's welfare.

3. **Divorce and Alimony § 24.8— modification of child custody—birth of illegitimate child—insufficient change of circumstances**

The birth of an illegitimate child to the custodial mother did not constitute a sufficient change of circumstances to support an order modifying child custody where the mother has legitimatized her new child by marrying the child's father, and the court found that both parents are fit and proper persons to have primary custody.

APPEAL by plaintiff from *Gatto, Judge.* Order modifying award of child custody entered 4 December 1984. Heard in the Court of Appeals 30 October 1985.

This is a civil action wherein Randell Kelly, the father of Elizabeth Gail Kelly, seeks to gain custody of his daughter from her mother, Victoria Kelly.

The trial court made the following findings of fact:

1. The parties were present and ably represented by counsel. The parties were married to each other on August 20, 1976, and to the union of that marriage one child was

born, namely, ELIZABETH GAIL KELLY, born September 30, 1978, which child is the subject of this proceeding.

2. The parties were residing in the State of Montana at the time of the child's birth. In November, 1979, Plaintiff returned to Forsyth County, North Carolina with the child and on January 8, 1980, the parties entered into a separation agreement whereby the Plaintiff-Mother was given custody of the child. In August, 1980, Defendant was discharged from the U.S. Air Force and returned to Forsyth County, North Carolina.

3. The parties were divorced on April 27, 1981, and the separation agreement, together with its provision for custody to the Plaintiff, was incorporated into the divorce judgment. The minor child has resided with the Plaintiff-Mother since birth, and Plaintiff has had primary care and responsibility since separation. From the date of separation in November, 1979, until March 6, 1984, Plaintiff has resided in Forsyth County.

4. In early 1983, Plaintiff became pregnant with the child of Arvid Eugene Davis, a resident of the State of Wisconsin. That child was born on December 6, 1983, in Forsyth County as CRYSTAL MICHELLE KELLY. On March 6, 1984 Plaintiff moved to the State of Wisconsin together with her infant and the subject child. Defendant filed this proceeding as a Motion in the Cause on April 11, 1984. Plaintiff was married to Arvid Eugene Davis on April 16, 1984, in the State of Wisconsin.

5. Plaintiff's present husband, Davis, is employed with the Minnesota Department of Corrections as a prison guard earning a gross annual salary of approximately $20,000.00. The Davis residence is in Wisconsin but only a short distance from his Minnesota employment.

6. Since the Order awarding custody to Plaintiff in April, 1981, Defendant-Father has resided in Forsyth County. He is employed with National Linen and earns an annual gross salary of approximately $22,000.00 and receives $114.00 per month as VA compensation. He was remarried on February 28, 1983, and lives with his wife and her two (2) minor children of a previous marriage; a daughter age eight (8), and a son age seven (7). She is employed at a cafeteria with working hours from 6:00 AM until 2:00 PM.

7. Both sets of grandparents as well as other relatives of the subject child reside in Forsyth County, North Carolina.

8. At the time of the entry of the Order awarding custody on April 27, 1981, Plaintiff resided in Forsyth County, was employed here, and had one minor child, namely the subject child. At the present time Plaintiff has given birth to another child, has moved to the State of Wisconsin, and has remarried. She presently lives in a mobile home park in Roberts, Wisconsin. Defendant has also remarried and resides with his current wife and her two (2) minor children in a three (3) bedroom home in Forsyth County.

9. Both parties are devoted to the child and are fit and proper persons to have primary custody.

The child is emotionally and physically normal with no unusual health problems. Both parties are responsible for the maintenance and support of the child, but Plaintiff-Mother is presently unemployed and unable to pay child support at this time.

The trial court concluded that there has been a substantial and material change of circumstances regarding Elizabeth and that her welfare would be best promoted by awarding her primary physical custody to her father.

From the order granting custody to the defendant father, plaintiff mother appealed.

*House, Blanco & Osborn, P.A., by Reginald F. Combs and Gene B. Tarr, for plaintiff, appellant.*

*Liner & Bynum, by David V. Liner, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Appellant, Mrs. Kelly, admits that the trial court had jurisdiction in this case pursuant to G.S. 50A-3(a), but she contends that the trial court erred by failing to decline jurisdiction pursuant to G.S. 50A-7(a).

G.S. 50A-7 in pertinent part provides:

(a) A court which has jurisdiction under this Chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination un-

der the circumstances of the case and that a court of another state is a more appropriate forum.

. . .

(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and the child's family or with the child and one or more of the contestants;

(3) If substantial evidence relevant to the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate; and

(5) If the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in G.S. 50A-1.

In determining that the best interest of the child supported North Carolina jurisdiction, the court had before it evidence that Elizabeth lived most of her life in North Carolina, she only recently left North Carolina, both parents spent time caring for Elizabeth in North Carolina, both sets of grandparents reside in North Carolina, and the character of both parents is known in North Carolina. The only other state which might logically take jurisdiction over this matter is Wisconsin. Only the fact that Elizabeth and her mother resided in Wisconsin for the nine months immediately preceding the custody modification order at issue supports deferring jurisdiction to Wisconsin.

Deferring jurisdiction on inconvenient forum grounds rests in the sound discretion of the trial judge. Without a showing that the best interest of the child would be served if another state assumed jurisdiction, North Carolina courts should not defer jurisdiction pursuant to G.S. 50A-7. We hold that the trial court did not err in exercising jurisdiction.

Mrs. Kelly also contends that the trial court made no findings of fact which support the court's conclusion that there has been a substantial and material change of circumstances as regards Elizabeth's welfare. It is well established that a modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change in circumstances affecting the welfare of the child, and the party moving for such a modification has the burden of showing such change of circumstances. *See, e.g., Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975).

The trial court found the following changes in circumstances occurring between the date of the original custody order and the date of the order at issue: 1) Mrs. Kelly had a child out of wedlock; 2) She and both her children moved to Wisconsin; 3) She married the father of her illegitimate child; and 4) Mr. Kelly remarried.

[2] Remarriage without a finding of fact indicating the effect of remarriage on a child is not a sufficient change of circumstance to justify modification of a child custody order. *Hassell v. Means,* 42 N.C. App. 524, 257 S.E. 2d 123, *disc. rev. denied,* 298 N.C. 568, 261 S.E. 2d 122 (1979). Without a showing that the move to an unfamiliar place proved disruptive or detrimental to Elizabeth's welfare, the change of residence also fails to constitute a substantial change of circumstances. *Gordon v. Gordon,* 46 N.C. App. 495, 265 S.E. 2d 425 (1980).

[3] The difficult question we face is whether the birth of a child out of wedlock constitutes a substantial change of circumstances affecting the welfare of the child when this birth is seen in the light of the facts of this case. In *Dean v. Dean,* 32 N.C. App. 482, 232 S.E. 2d 470 (1977), we stated that the birth of two illegitimate children constituted sufficient change in circumstances to support an order switching child custody. Contrary to the facts in this case, the trial court in *Dean* found the custodial parent unfit. The custodial parent in *Dean* did not legitimate her illegitimate children by marrying their father. We believe that the present case is distinguishable from *Dean.* In the present case the trial court found that both parents are devoted to the child and are fit and proper persons to have primary custody. Mr. Kelly himself admitted that Mrs. Kelly "has done a pretty good job bringing

[Elizabeth Gail Kelly] up the past few years." Mrs. Kelly has legitimated her new baby by marrying the baby's father.

Under the facts of this case as presented in the record, we hold that the trial court found insufficient changes in circumstances to justify a change in custody. The order of the trial court is therefore vacated.

Judges WHICHARD and JOHNSON concur.