RATLEY v. RATLEY

[99 N.C. App. 219 (1990)]

---

ADELL RATLEY v. NOAH RATLEY

No. 8916DC1172

(Filed 19 June 1990)

**Divorce and Alimony § 25.10 (NCI3d)— modification of child custody order—no showing of changed circumstances**

The trial court was not required to modify a child custody order to give defendant either sole or joint custody of his children because the evidence showed that he was a "caring, loving and capable father," since a modification of a child custody order requires a substantial change of circumstances affecting the welfare of the children, and none was shown in this case.

**Am Jur 2d, Divorce and Separation §§ 1003, 1011.**

APPEAL by defendant from order entered 16 June 1989, *nunc pro tunc* 22 May 1989, by *Judge Robert F. Floyd, Jr.* in ROBESON County District Court. Heard in the Court of Appeals 3 May 1990.

*Musselwhite, Musselwhite & McIntyre, by David F. Branch, Jr., for plaintiff appellee.*

*Hubert N. Rogers, III for defendant appellant.*

PHILLIPS, Judge.

By an order entered in October, 1986 Judge Gardner awarded custody of the twin children of the parties to plaintiff and allowed defendant extensive visitation rights. Defendant's appeal is from Judge Floyd's denial of his motion to modify the order by awarding him either sole or joint custody.

The appeal has no basis. Though it has long been established in this jurisdiction that a child custody order may not be modified

RATLEY v. RATLEY

[99 N.C. App. 219 (1990)]

in the absence of a substantial change of circumstances which affect the welfare of the child involved, G.S. 50-13.7; *Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E.2d 153 (1952); *In re Means*, 176 N.C. 307, 97 S.E. 39 (1918), defendant does not argue in his brief that any such change has occurred. He argues only that his sole or joint custody should have been ordered because the evidence indisputably shows that he is a "caring, loving and capable father." The time for that argument, standing alone, passed long since. That defendant is a fit person to have sole or joint custody of the children, by itself, is no basis for modifying the order previously entered. Before the prior order can be modified it must be established that a substantial change of circumstances affecting the welfare of the children has occurred, *Searl v. Searl*, 34 N.C. App. 583, 239 S.E.2d 305 (1977), and that has not been done.

Affirmed.

Judges ARNOLD and COZORT concur.