STROUD, Judge.
Defendant appeals amended trial court order modifying child custody.[1] For the following reasons, we affirm.
I. Background
In October of 2008, plaintiff filed a complaint against defendant for child custody, child support, and equitable distribution. In December of 2008, defendant filed an answer and counterclaim for divorce from bed and board, custody, child support, post-separation support, permanent alimony, equitable distribution, and attorney's fees. On 28 January 2010, the trial court entered an order giving plaintiff and defendant joint legal and physical custody of the children; the parties were ordered to "alternate periods of physical custody every other week from Sunday at 5:00 p.m. to the next Sunday at 5:00 p.m." Approximately three years later, plaintiff moved the trial court for a modification of custody based upon the fact that defendant had moved. On or about 25 July 2013, the trial court entered an order modifying custody by giving plaintiff primary physical custody ("first modification order"). On 5 August 2013, defendant filed a motion to amend or vacate the first modification order. On or about 17 February 2014, the trial court entered an order amending its first modification ("amended modification order"); the trial court ordered that at the commencement of school "and during each school year thereafter, the minor children shall be in the primary physical care, custody and control of the Plaintiff. That the Defendant shall have visitation with the minor children every other weekend" from Thursday until Sunday. Defendant appeals the amended modification order.
II. Standard of Review
When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. Accordingly, should we conclude that there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary.
In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law. With regard to the trial court's conclusions of law, our case law indicates that the trial court must determine whether there has been a substantial change in circumstances and whether that change affected the minor child. Upon concluding that such a change affects the child's welfare, the trial court must then decide whether a modification of custody was in the child's best interests. If we determine that the trial court has properly concluded that the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, we will defer to the trial court's judgment and not disturb its decision to modify an existing custody agreement.
Shipman v. Shipman,357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003) (citations and quotation marks omitted).
III. Findings of Fact
Defendant first contests two findings of fact as not supported by the evidence.
A. Finding of Fact 15
Finding of fact 15 provides:
The school hours for [Carol][2] at [Smith] ... Middle School will be from approximately 9:00 a.m. to 4:00 p.m. The Plaintiff's work schedule at Bank of America provides the Plaintiff with flexible hours; whereas the Defendant's schedule requires that he be present at the Mecklenburg County Courthouse from 8:00 a.m. to 5:00 p.m.[;] the Plaintiff has worked out a transportation arrangement which will allow her to transport [Carol] and [Alex] to and from school. The Defendant's plan was to rely on the Plaintiff for [Carol]'s transportation.
Defendant argues that the last sentence of finding of fact 15 is not supported by the evidence. Plaintiff testified that defendant "mentioned to me that he intends to drop [Carol] off at my house in the mornings, and then I'm responsible for her transportation for the next year" and that Carol "will be dropped at my house in the morning by ... [defendant] and I will get her to school." Defendant's brief actually supports this finding as he notes that '[t]he testimony supports that the parties agreed that their daughter would carpool from the [plaintiff]'s residence even when the children were with the [defendant]." As such, this argument is overruled.
B. Finding of Fact 17
Finding of fact 17(b) is "[t]hat the Defendant's unilateral decision to move was not based upon employment considerations, and has adversely impacted the parties' ability to cooperate and agree upon things affecting the children." Defendant argues that finding of fact 17(b)'s statement regarding "the parties' ability to cooperate" is not supported by the evidence. The testimony at trial indicates that the parties had difficulties cooperating both before and after defendant's move, but the trial court did not find, as defendant seems to hint, that the sole reason the parties were struggling to cooperate was his move; the trial court found that the move was an additional contributing factor. At the very least, the evidence indicates that the increased distance and time in transporting children to and from school as well as the fact that they would be attending two different schools increased the opportunities for discord between the parties, to the children's detriment. Indeed, as plaintiff filed a motion to modify custody based primarily upon defendant's move, there is evidence that the move was at least one contributing factor to the parties' disagreements. This argument is overruled.
III. Substantial Change of Circumstances
Lastly, defendant contends that "the findings of the court do not support the legal conclusion that a substantial change of circumstances occurred or that there was a c[au]sal connection of [e]ffect on the children." (Original in all caps.) Essentially, defendant contends that his move of thirteen miles was not sufficient for the trial court to conclude there was "a substantial change of circumstances[.]" However, the trial court made several additional findings which are uncontested and and thus binding, see In re J.K.C.,218 N.C.App. 22, 26, 721 S.E.2d 264, 268 (2012) ("The trial court's remaining unchallenged findings of fact are presumed to be supported by competent evidence and binding on appeal."):
11. As a result of the Defendant's voluntary decision to move to Charlotte, North Carolina, the time and distance of the children's daily commute to school has been substantially increased. On mornings when the children are in the Defendant's care and school is in session, they must awake approximately 45 minutes earlier than they do when in the Plaintiff's care, and the drive from the Defendant's home in Charlotte to [Jones] Elementary School requires additional travel time of at least 20 to 25 minutes in each direction. This results in the minor children returning to the ... residence at approximately 6:00 p.m. in the evenings when they are in the Defendant's care.
....
17. That since the entry of the ... 2010 Order for custody, there has been a substantial change of circumstances that materially affects the welfare of the minor children, to wit;
a. The Defendant's home in Cabarrus County has been foreclosed upon and sold, and the Defendant has now moved to Charlotte, North Carolina.
....
c. That the commute from the Defendant's residence in Charlotte, North Carolina to the children's school has increased at a minimum by about 20 to 25 minutes in each direction on a daily basis, which results in at least 40 to 50 minutes of additional travel time to and from school while with the Defendant.
18. It is now in the best interest of the minor children to reside in the primary care of the Plaintiff.
19. Most if not all of the friends of the minor children reside near the Plaintiff or attend school with the minor children.
20. The minor children do not have similarly aged friends in the neighborhood of the Defendant's residence.
....
23. That the travel time required to get the children to and from school from the Defendant's residence will be even longer during the 2013-2014 school year as the minor children will be attending different schools; [Carol] will attend ... [Smith] and [Alex] will attend [Jones] Elementary.
Defendant focuses his argument on distinguishing his case from an unpublished opinion of this Court; however, "[a]n unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority." N.C.R.App. P. 30(3). As to the modification of custody,
[a] court order for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances. According to our Supreme Court, a custody order may not be modified until the moving party shows there has been a substantial change in circumstances affecting the welfare of the minor child. The required change in circumstances need not have adverse effects on the child. A showing of a change in circumstances that is, or is likely to be, beneficial to the child may also warrant a change in custody. Once the moving party has shown a substantial change in circumstances affecting the welfare of the minor child, the trial court must determine whether a change in custody is in the best interest of the child. The welfare of the child has always been the polar star which guides courts in awarding custody.
Browning v. Helff,136 N.C.App. 420, 423-24, 524 S.E.2d 95, 98 (2000) (citations, quotation marks, ellipses, and brackets omitted).
In Evans v. Evans,this Court addressed a move by one parent being a "substantial change of circumstances" and analyzed prior case law:
[A] change in the custodial parent's residence is not itself a substantial change in circumstances affecting the welfare of the child which justifies a modification of a custody decree.
In Gordon v. Gordon,46 N.C.App. 495, 265 S.E.2d 425 (1980), the trial court ordered a change in primary custody of a child to the mother after concluding that there had been a substantial change in circumstances because the father and child had relocated. This Court vacated the trial court's order, stating:
In the case sub judice,the only finding of change of circumstance is that the child has moved from his original home to strange, i.e.unfamiliar neighborhoods. There are no findings that the moves proved disruptive or detrimental to the child's welfare; that the home and surrounding neighborhood in which the child presently lives differs from his original home, is inadequate, or has an adverse [e]ffect on the child's welfare or that the placement of the child in an unfamiliar neighborhood has had any impact on the child's adjustment. The mere fact that either parent changes his residence is not a substantial change of circumstance.
Here, the trial court found that the proposed relocation would adversely affect the relationship between the father and his child. However, the court made no findings of fact indicating the effect of the remarriage and relocation on the child himself. The trial court's findings do not discuss the impact of the proposed move on the child.
....
Here, the trial court found only that the proposed relocation would adversely affect the relationship between the father and his child. The trial court made no other findings about the effect of the proposed relocation on the child. We conclude that the facts found do not support the conclusions that there has been a substantial change in circumstances and that it is in the best interest of the child that the custody decree be amended.... The order is vacated and remanded for detailed findings of fact on the issues of change of circumstance and best interests of the child.
138 N.C.App. 135, 140-42, 530 S.E.2d 576, 579-81 (2000) (citations and quotation marks omitted).
Here, however, unlike in Gordonand Evans, contrast id.,the trial court did makes "findings that the move[ ] proved disruptive or detrimental to the child[ren's] welfare[.]" Id.at 140, 530 S.E.2d at 579. The trial court specifically found that when the children were with their father they were commuting approximately an hour further each school day, not arriving home until approximately 6:00 p.m., and did not have friends in his neighborhood. While, the facts in this case are not overwhelming, we do believe that the trial court found enough facts either supported by sufficient evidence or unchallenged, and thus binding on appeal, see In re J.K.C.,218 N.C.App. at 26, 721 S.E.2d at 268, to conclude that there was a substantial change in circumstances that affected the children's welfare; so the trial court could also properly conclude that modification was in the children's best interests. See Browning v. Helff,136 N.C.App. at 423-24, 524 S.E.2d at 98. Accordingly, this argument is overruled.
V. Conclusion
For the foregoing reasons, we affirm.
AFFIRMED.
Judges BRYANT and HUNTER, JR. concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered on or about 17 February 2014 by Judge D. Brent Cloninger in District Court, Cabarrus County. Heard in the Court of Appeals 20 January 2015.

Defendant's notice of appeal purports to appeal from three separate orders. However, the second order is not in our record on appeal, and it appears that the trial court intended the third order to replace the first order. As no one contests the third order as the final order addressing all of the issues before the trial court and as the only arguments on appeal appear to be regarding the third order, we address only the third order on appeal.

Names and other identifying information have been changed to protect the identity of the minors involved.