IN THE MATTER OF CUSTODY OF GLENN M. POOLE, JR., AND MARY
ELLEN POOLE, MINOR CHILDREN OF GLENN M. POOLE AND NANCY
WHITE POOLE

No. 7010DC7

(Filed 6 May 1970)

**1. Divorce and Alimony § 24— child custody order — modification**

Orders awarding custody of a child may be modified by a court when
it has been shown that there has been a substantial change of circum-
stances affecting the welfare of the child.

**2. Divorce and Alimony § 24— modification of child custody order —
change of condition**

Where there is no evidence that the fitness or unfitness of either party
has changed, the trial court may not modify a prior order awarding cus-
tody unless some other sufficient change of condition is shown.

**3. Divorce and Alimony § 24— modification of child custody order —
sufficiency of findings**

Trial court's findings *held* not to support modification of child custody
order which found the wife to be a fit and proper person to have the cus-
tody of the children of the marriage, where the only change of condition
shown is that the wife has been adjudged in contempt for violating a
court order which prohibited her from allowing a named male to associate
with the children and there is no finding that the association with the
male person was immoral or detrimental to the children's welfare.

APPEAL by petitioner, Nancy W. Poole, (Mother) from *Ransdell,
J.,* 5 May 1969 Session, District Court of WAKE County.

This action was originated by a petition filed in the Wake County
Domestic Relations Court on 4 June 1968 by the mother seeking
custody of the children of her marriage with Glenn M. Poole, Sr.,
(Father). The children were Mary Ellen Poole, age 5, and Glenn
Marshall Poole, Jr., age 7.

By order of 27 August 1968, both father and mother were found
to be fit and proper persons to have the custody of the children.
Nevertheless, the custody of both children was awarded to the
mother with certain visitation rights on the part of the father, and
with the right of the father to have the children with him for two
months during the summer holidays, and at certain other holiday
periods. The father was ordered to pay for the support of the chil-
dren, and it was specifically ordered that "John W. Gregory, III
not be permitted to visit or come into the home of said Nancy White
Poole at any time, and that said John W. Gregory, III not be per-
mitted to associate with said children."

The father gave notice of appeal from this order but did not perfect it.

Subsequently, the father filed a motion for reconsideration, and the District Court having been established, the matter was heard by Judge Ransdell in December 1968. By order of 13 December 1968, Judge Ransdell awarded the custody to the mother with visitation rights by the father. The father was ordered to pay for the support of the children, and the same condition was entered with regard to John W. Gregory, III.

On 28 March 1969, the father again made a motion in the cause for a new hearing. The record discloses that a hearing was held on 5 May 1969, and at the conclusion of the hearing, the judge made the following entry:

"Let the record show after a complete and thorough hearing in this case, with the exception of the six year old child which the court declined to allow to testify, the court is of the opinion that the mother of these children has wilfully and intentionally and completely ignored the order of this court, and that the court further is of the opinion that she has no intention, at all, of complying with the order of this court in any respect;

"That her association with John Gregory, III has been wilfully, intentionally, and deliberately in violation of the order of this court entered into the 13th day of December 1968.

"That is all the judgment I am going to render right now.

\* \* \*

"\* \* \* I am thinking about asking the welfare — I don't think either one is complying with the order of the court at all — either one.

\* \* \*

"I am not going to make any order until I get more information."

The record does not disclose what other information, if any, the Court obtained. The record discloses that in May 1969, shortly after the above hearing, the mother went to the State of Arkansas where her father was seriously ill. She took the two children with her, and has never returned to the State of North Carolina.

Thereafter, under date of 3 June 1969, the following paper was filed:

*"JUDGMENT* (ORDER) (Filed 6/3/69)

"This matter coming on to be heard and being heard by Honorable N. F. Ransdell, Judge Presiding over District Court Division, term beginning May 5, 1969, and the above mother and father of the minor children being present, represented by counsel, and both parties having presented evidence relating to the custody of said children; and the court finding as a fact as follows:

"1.   That in a previous hearing before this undersigned judge on or about December 13, 1968, judgment was entered providing, among other things, '* * * that John W. Gregory, III not be permitted to visit or come into the home of said Nancy White Poole at any time, and that said John W. Gregory, III not be permitted to associate with said children.'

"2.   That the said Nancy White Poole has wilfully, intentionally, and heedlessly knowingly violated the direct orders of this court with respect to the said judgment dated December 13, 1968, in that she did permit the said John W. Gregory, III to visit or come into the home of said Nancy White Poole and did permit him to associate with the said minor children.

"3.   That Glenn M. Poole, father of said children, is a fit and proper person to have custody of Glenn M. Poole, Jr. and Mary Ellen Poole, and that the welfare and interests of said children would be best promoted by awarding their custody to their father.

"4.   That the finding of fact that Nancy White Poole had wilfully and intentionally violated the provisions of said judgment of the court, was pronounced by the undersigned judge presiding at the hearing on May 8, 1969, at which time the said Nancy White Poole was present in court.

"5.   That the said Nancy White Poole is not a fit and proper person to have custody of the said minor children, but is entitled to reasonable visitation rights.

"6.   That after the hearing in court on May 8, 1969, and prior to the signing of this judgment, it has come to the attention of the court from statements of counsel that the said Nancy White Poole has left the State with said children and has not returned to this State.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

"(a) ·That the custody of Glenn M. Poole, Jr. and Mary Ellen Poole be and is hereby awarded to Glenn M. Poole, Sr.

"(b) That the said Nancy White Poole is hereby ordered and directed to return the children to the jurisdiction of this State and to this court.

"(c) That the said Nancy White Poole is hereby found to be in contempt of this court, but the matter of punishment or disposition as to Nancy White Poole is held open pending her return to this jurisdiction. ·

"(d) That the costs of this action shall be taxed by the Clerk against Glenn M. Poole, Sr.

"This 3 day of June, 1969.

"s/  N. F. Ransdell
Judge Presiding"

*Vaughan S. Winborne for Nancy White Poole, petitioner appellant.*

*Allen W. Brown for Glenn M. Poole, Sr., respondent appellee.*

CAMPBELL, J.

**[1, 2]** Orders awarding custody of children may be modified by a court when it has been shown that there has been a substantial "change of circumstances affecting the welfare of the child." *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). If the parent awarded custody of children were subsequently to become unfit, it would be possible for the trial court, upon proper findings, to grant custody to a fit person. Where there is no evidence that the fitness or unfitness of either party has changed, the trial court may not modify a prior order awarding custody unless some other sufficient change of condition is shown. *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332 (1965).

**[3]** We are of the opinion that the findings of the trial judge in the instant case do not support modification of the initial custody order which found her to be fit to have custody. The only change shown here is that Nancy has been adjudged in contempt for violating an order of the court regarding her association with one John W. Gregory, III. There is no finding that the association with Gregory was immoral or that it was detrimental to the children's welfare. We do not feel that the citation of Nancy for contempt in the instant case, without more, is a sufficient change of condition to require a finding that "Nancy White Poole is not a fit and proper

person to have custody * * *" of the children involved herein. *Stanback v. Stanback, supra; Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153 (1952).

The welfare of the children is the determining factor in the custody proceedings and the award of custody based on that factor will be upheld when supported by competent evidence. *In Re Custody of Ross,* 1 N.C. App. 393, 161 S.E. 2d 623 (1968); cert. den., 274 N.C. 274.

Reversed.

Parker and Hedrick, JJ., concur.