RAYNOR v. ODOM

[124 N.C. App. 724 (1996)]

RITA RAYNOR, PLAINTIFF V. WILLIAM T. ODOM, III, DEFENDANT V. BETTY FOSTER, INTERVENOR V. JOHNNIE RAYNOR INTERVENOR

No. COA96-58

(Filed 17 December 1996)

**1. Appeal and Error § 340 (NCI4th)— assignment of error— not properly preserved**

Plaintiff did not properly preserve an issue for appeal where she did not include the issue within an assignment of error. N.C. R. App. P. 10(a).

**Am Jur 2d, Appellate Review §§ 544, 615, 616.**

**2. Parent and Child § 24 (NCI4th)— no error—temporary order—contempt order—interests of child—child custody**

The trial court did not err in its consideration of temporary custody orders and prior contempt orders in determining the issue of child custody. It is an undue restriction to prohibit the trial judge's consideration of the history of the case on record when a trial judge is attempting to evaluate what is in the best interests of the child or whether a parent is unfit or has neglected the child.

**Am Jur 2d, Divorce and Separation §§ 369, 980; Infants § 43; Parent and Child § 25.**

**3. Appeal and Error § 486 (NCI4th)— affidavits—reports—no objection—consideration by court**

The trial court did not err in considering evidence in the form of affidavits and reports that were admitted without objection into evidence during an *in camera* hearing. Where a party fails to object to the introduction of evidence, they may not thereafter object to findings based on that evidence because their silence presumes assent to the manner in which the evidence was presented and to the method of trial.

**Am Jur 2d, Affidavits § 30; Divorce and Separation § 1068; Evidence §§ 1098, 1435; Trial § 408.**

**Place of holding sessions of trial court as affecting validity of its proceedings. 18 ALR3d 572.**

**Right, in child custody proceedings, to cross-examine investigating officer whose report is used by court in its decision. 59 ALR3d 1337.**

RAYNOR v. ODOM

[124 N.C. App. 724 (1996)]

4. Appeal and Error § 418 (NCI4th)— abandonment of assignments of error

Assignments of error which were not specifically brought forth or argued are deemed abandoned. N.C.R. App. P. 28(a).

**Am Jur 2d, Appellate Review §§ 544, 557, 558.**

5. Parent and Child § 24 (NCI4th)— child custody—competent evidence supported findings of fact

The trial court's findings of fact in a child custody case were supported by a preschool screening report, affidavits, an articulation evaluation, and a speech therapy plan. Generally, on appeal from a case heard without a jury, the trial court's findings of fact are conclusive if there is evidence to support them, even though the evidence might sustain a finding to the contrary.

**Am Jur 2d, Divorce and Separation § 1068.**

6. Parent and Child § 24 (NCI4th)— child custody—unfitness of mother—consideration of unsupported finding—harmless error

The trial court's consideration of a finding of fact which was not supported by the evidence in determining child custody was harmless error where the court had other evidence to support its legal conclusions. In concluding that the plaintiff mother was unfit to have custody of the minor child, the trial court considered the unsupported finding of fact that the mother's failure to recognize her child's articulation problems was another indication of plaintiff's lack of concern for the child. While there is no precise definition of what findings are necessary for the trial court to conclude that a natural parent is unfit, the evidence presented to the trial court indicated that the plaintiff had substance abuse problems, did not respect authority, was unable to recognize her child's developmental problems, and was incapable of caring for the child's welfare. Further, the trial court considered 58 findings of fact that were supported by the evidence.

**Am Jur 2d, Divorce and Separation § 984; Parent and Child § 26.**

**Mental health of contesting parent as factor in award of child custody. 74 ALR2d 1073.**

**Right to require psychiatric or mental examination for party seeking to obtain or retain custody of child. 99 ALR3d 268.**

**7. Appeal and Error § 157 (NCI4th)— in camera hearing— child custody—plain error doctrine inapplicable**

It was not plain error for the trial court to conduct a hearing *in camera* in a child custody case where the court had advised the parties of its intentions and no party objected. Generally, the plain error doctrine is a limited appellate doctrine that allows a defendant to assert on appeal in criminal cases some errors that were not preserved by objection. The Court of appeals refused to extend the plain error rule to child custody cases. N.C.R. App. P. 10(c)(4).

**Am Jur 2d, Divorce and Separation § 985; Infants § 32.**

**Propriety of court conducting private interview with child in determining custody. 99 ALR2d 954.**

**Place of holding sessions of trial court as affecting validity of its proceedings. 18 ALR3d 572.**

**8. Parent and Child § 28 (NCI4th); Divorce and Separation § 378 (NCI4th)—findings of fact—limited visitation—unreasonable stress on child**

There were sufficient adequately supported findings of fact as required by G.S. 50-13.5(i) (1995) to support the trial court's legal conclusion that plaintiff mother be allowed to visit her child once a month. It was not practical for the trial court to award more visitation given that the parties who had visitation rights live in different states. More visitations might put unreasonable stress upon the minor child who could be traveling hundreds of miles each month or could be subjected to visitors on every weekend.

**Am Jur 2d, Divorce and Separation § 1001; Parent and Child § 36.**

**Desire of child as to geographical location of residence or domicile as factor in awarding custody or terminating parental rights. 10 ALR4th 827.**

**9. Parent and Child § 26 (NCI4th); Divorce and Separation § 372 (NCI4th)— modification of child custody—substantial change in circumstances—finding of unfitness**

A finding of unfitness of the custodial parent satisfies the statutory requirement that the trial court find a change in cir-

RAYNOR v. ODOM

[124 N.C. App. 724 (1996)]

cumstances in order to modify a prior child custody order where the custodial parent was found to be a fit and proper custodian in the prior order. N.C.G.S. §§ 50-13.7 and 50-13.5.

**Am Jur 2d, Divorce and Separation §§ 980, 1014.**

Appeal by plaintiff from order entered 9 August 1995 by Judge T. Yates Dobson in Johnston County District Court. Heard in the Court of Appeals 7 October 1996.

On 19 December 1991 a child was born to the unmarried couple of plaintiff and defendant. On 25 November 1992 the Johnston County Child Support Enforcement Agency, on behalf of plaintiff, filed a complaint against defendant to establish paternity and collect child support. Defendant admitted paternity and entered into a voluntary support agreement.

Ensuing disputes over custody, visitation, and child support involved plaintiff, defendant and their respective intervening parents. The trial court conducted several hearings and ordered *inter alia* that plaintiff undergo substance abuse testing, attend counseling and parenting classes, have a home study conducted of her residence, and share joint legal custody with defendant. The trial court held plaintiff in contempt on 31 October 1994 and again on 24 January 1995 and ordered plaintiff incarcerated and the minor child removed to the Johnston County Department of Social Services (DSS). On 16 February 1995 the trial court ordered that the minor child's paternal grandmother, intervenor Foster, be given temporary custody.

On 30 May 1995 with all parties present or represented by counsel, the trial court conducted an *in camera* hearing to review the custody of the minor child. The trial court reviewed evidence of record and evidence presented at the hearing, and considered arguments of counsel. On 9 August 1995 the trial court entered an order granting custody of the minor child to intervenor Betty Foster. From this order plaintiff appeals.

*Clifton & Singer, L.L.P., by C.D. Heidgerd, for plaintiff-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for intervenor-appellee.*

EAGLES, Judge.

**[1]** In her brief plaintiff contends that the trial judge erred in retaining jurisdiction in this case; however, she failed to include this issue within an assignment of error. Accordingly, this argument is not properly preserved for appeal. See N.C.R. App. P. 10(a).

**[2]** The first issue before this Court is whether the trial court erred in using evidence from prior temporary custody orders and contempt orders entered in this case to support an award of custody.

No decisions in North Carolina specifically indicate that it is improper for a trial court to use orders from temporary hearings or contempt hearings in the same case to support permanent custody orders. This Court has found that it is not improper for a trial court to take judicial notice of earlier proceedings in the same cause. See In re Isenhour, 101 N.C. App. 550, 552-53, 400 S.E.2d 71, 72-73 (1991); see also In re Ballard, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984) (a prior court order finding that mother neglected child may be used in a subsequent action for termination of parental rights). When a trial judge is attempting to evaluate what is in the best interests of the child or whether a parent is unfit or has neglected the child, it is an undue restriction to prohibit the trial judge's consideration of the history of the case on record. We hold that the trial court did not err in considering temporary custody orders and prior contempt orders in determining the issue of child custody.

**[3]** Plaintiff also contends that evidence in the form of affidavits and reports that were admitted without objection into evidence during the in camera hearing should not have been considered by the trial court, and therefore, that any findings based on this evidence are not supported by competent evidence.

Generally, where a party fails to object to the introduction of evidence, they may not thereafter object to findings based on that evidence, because their silence presumes assent to the manner in which the evidence was presented and to the method of trial. See In re Hughes, 254 N.C. 434, 436, 119 S.E.2d 189, 190 (1961); Isenhour, 101 N.C. App. at 552-53, 400 S.E.2d at 72-73. N.C.R. App. P. 10(b)(1) provides that "in order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." Accordingly, we are not persuaded by plaintiff's

contentions that the trial court should not have considered the affidavits and reports.

**[4]** The second issue is whether the trial court's findings of fact that plaintiff is unfit to have custody of the minor child are supported by the evidence.

Plaintiff assignments of error on this issue address the trial court's findings of fact 20, 21, 23, 27, 28, 29, and 32 through 54. However, plaintiff's brief only addresses findings of fact 20, 21, 36, 37, and 38, which she encompassed in assignments of error 21, 30, 31, and 32. Although plaintiff sets out as assignments of error 21 through 49 below the heading of her argument, she fails to specifically bring forth or argue assignments of error 22 through 29, and 33 through 49 as required by the North Carolina Rules of Appellate Procedure. *See McManus v. McManus*, 76 N.C. App. 588, 591, 334 S.E.2d 270, 272 (1985). Accordingly, these assignments of error are deemed abandoned. *Id.*; N.C.R. App. P. 28(a).

**[5]** Generally, on appeal from a case heard without a jury, the trial court's findings of fact are conclusive if there is evidence to support them, even though the evidence might sustain a finding to the contrary. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975); *Chandler v. Chandler*, 108 N.C. App. 66, 71-72, 422 S.E.2d 587, 591 (1992). "The trial judge's decision will not be upset, in the absence of a clear abuse of discretion, if the findings are supported by competent evidence." *Sheppard v. Sheppard*, 38 N.C. App. 712, 715, 248 S.E.2d 871, 874 (1978), *disc. review denied*, 296 N.C. 586, 254 S.E.2d 34 (1979); *see Wachovia Bank & Trust Co. v. Bounous*, 53 N.C. App. 700, 706, 281 S.E.2d 712, 715 (1981).

Findings of fact 20 and 21 both concern the admission into evidence of the reports and affidavits during the *in camera* hearing. We have already found unpersuasive plaintiff's contentions that the trial court should not have considered these affidavits and reports. Accordingly, we conclude that there was competent evidence to support these findings of fact.

Finding of fact thirty six provides:

After obtaining temporary custody, Betty Foster took the child for a pre-school screening at the Developmental Center for the Carolina Hospital System. During this screening, it was determined that the child has an articulation disorder. Betty Foster has arranged for treatment with the Carolinas Hospital System. The

pre-school screening also indicated that the child was not as advanced or matured as many of his contemporaries.

This finding of fact is supported by an affidavit by intervenor Foster, a preschool screening report, an articulation evaluation by Carolinas Hospital System, and a speech and language therapy initial treatment plan also by Carolinas Hospital System. This affidavit, report, evaluation, and plan were all admitted into evidence without objection during the *in camera* hearing and are encompassed in findings of fact 20 and 21. Accordingly, we conclude this finding of fact is supported by competent evidence.

Finding of fact thirty eight provides:

The court further finds that the fact that the child was not as advanced or mature as many of his contemporaries as indicated by the pre-school screening indicates that plaintiff was not providing for the child the motivation, opportunity and encouragement for normal and healthy development.

This finding of fact is also supported by the reports, affidavits, evaluation, and plan mentioned in our discussion of finding of fact thirty six. Plaintiff contends that within these reports, there is evidence that contradicts the testimony, and that the guardian ad litem's report is biased because he prefers intervenor Foster because of her socioeconomic status. It is not the job of this Court to weigh the evidence, but rather we are bound by the findings of fact of the trial court so long as there is competent evidence to support them. *See id.* Accordingly, we conclude this finding of fact is supported by competent evidence.

Finding of fact thirty seven provides:

Plaintiff did not offer any evidence that she was aware of the child's articulation disorder or that she had the child tested to determine whether or not he had problems. The Court finds that plaintiff's failure to recognize the articulation problems is yet another indication of plaintiff's lack of concern for the child.

While there is no evidence of record to dispute finding of fact thirty seven, there is also none to support it. Therefore, we may not consider finding of fact thirty seven in our review of the trial court's conclusion of law that plaintiff is unfit.

[6] The third issue is whether the findings of fact support the conclusion of law that plaintiff is unfit to have custody of the minor child.

**RAYNOR v. ODOM**

[124 N.C. App. 724 (1996)]

Our Supreme Court in *Petersen v. Rogers*, 337 N.C. 397, 403, 445 S.E.2d 901, 905 (1994) held that "absent a finding that the natural parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care and control of their children must prevail." Plaintiff contends that there are no findings that plaintiff neglected or abandoned the child, and therefore, the law does not support an award of custody to intervenor Foster. However, *Peterson* clearly requires that the court only find either that the natural mother is unfit *or* has neglected the child in order to deny the natural mother custody. Here the trial court found that plaintiff was an unfit parent and, on that basis, awarded custody to intervenor Foster.

No decisions in North Carolina have defined precisely what findings are necessary for the trial court to conclude that a natural parent is unfit. Although *In re Poole*, 8 N.C. App. 25, 28, 173 S.E.2d 545, 548 (1970) was prior to *Peterson*, the *Poole* Court found that the natural mother should not be denied custody of her child where the only change of condition shown was that the mother had been adjudged in contempt for violating an order of the court. The order there had provided that she not associate with a certain individual, but failed to find that continued association with that individual was immoral or detrimental to the child. *Poole*, 8 N.C. App. at 28, 173 S.E.2d at 548.

Although no decisions have established the standard of review for the legal conclusion that a parent is unfit under *Peterson*, a finding of unfitness should be reviewed de novo on appeal by examining the totality of the circumstances. *See Food Town Stores v. City of Salisbury*, 300 N.C. 21, 26, 265 S.E.2d 123, 127 (1980); *In re P.E.P.*, 100 N.C. App. 191, 200, 395 S.E.2d 133, 138 (1990), *rev'd on other grounds*, 329 N.C. 692, 407 S.E.2d 505 (1991). Plaintiff contends that intervenor Foster's socioeconomic status, plaintiff's DWI convictions, and the minor child's below average performance level are insignificant or irrelevant to plaintiff's fitness as a parent. While we agree with plaintiff that intervenor Foster's socioeconomic status is irrelevant to a fitness determination for the reasons stated in *Jolly v. Queen*, 264 N.C. 711, 713-14, 142 S.E.2d 592, 595 (1965), we conclude that plaintiff's DWI convictions, and the child's developmental problems are significant and relevant. They are significant because they indicate plaintiff's inability to adequately care for the child and to provide for the child's welfare. Furthermore, these facts, when combined with the following findings of the trial court, illustrate plaintiff's unfitness as a parent: Plaintiff was found in contempt for failing

to submit to a timely drug screening and substance abuse counseling; plaintiff was found in contempt for failing to complete and submit to a home study; plaintiff was found in contempt for failing to authorize the release of her military and medical records; plaintiff, after being found in contempt for refusal to participate in an alcohol abuse assessment and counseling, was jailed due to her continued unwillingness to comply; plaintiff suffers blackouts and "flies off the handle;" plaintiff's willful violation of the court's orders indicates a lack of respect for authority that could be imparted upon the child, and indicates a lack of sincere desire to have custody of the child; plaintiff's failure to visit the child unless intervenor Foster provides transportation indicates a lack of true concern for the child; plaintiff had been openly hostile and rude to intervenor Foster; and plaintiff failed to provide intervenor Foster with information concerning the child's medical insurance. These facts paint a picture of a person who has had substance abuse problems, does not respect authority, is unable to recognize her child's developmental problems, and is incapable of caring for the child's welfare. On its face, this picture is quite different from the facts of *In re Poole.*

While we acknowledge that the trial court erred in considering finding of fact 37 in reaching its legal conclusion that plaintiff is unfit, we find that this error was harmless. Accordingly, we conclude that findings of fact 1 through 36 and 38 through 55 provide ample support for the legal conclusion that plaintiff is an unfit parent.

[7] The fourth issue is whether the trial court erred in conducting the hearing *in camera* when it advised the parties of its intention to do so and no party objected. A failure to object to the manner of the proceedings is generally a fatal flaw on appeal; however, plaintiff contends that the trial court committed plain error pursuant to N.C.R. App. P. 10(c)(4) by conducting the hearing *in camera* and not affording plaintiff the opportunity to cross- examine the only witness in the case.

Generally, the plain error doctrine is a limited appellate doctrine that allows a defendant to assert on appeal in criminal cases some errors that were not preserved by objection. N.C.R. App. P. 10(c)(4). This Court has refused to extend the doctrine to civil cases. *Surrat v. Newton*, 99 N.C. App. 396, 407-408, 393 S.E.2d 554, 560 (1990); *Alston v. Monk*, 92 N.C. App. 59, 66, 373 S.E.2d 463, 468 (1988), *disc. review denied*, 324 N.C. 246, 378 S.E.2d 420 (1989). We decline to extend the plain error doctrine to child custody cases.

**[8]** Plaintiff also contends that there are insufficient, adequately supported findings of fact as required by G.S. 50-13.5(i) (1995) to support the legal conclusion that plaintiff be allowed to visit the child once a month. We disagree.

G.S. 50-13.5(i) requires that "the trial judge prior to denying a parent the right of reasonable visitation, shall make a written finding of fact that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interests of the child." In *Correll v. Allen*, 94 N.C. App. 464, 380 S.E.2d 580 (1989), this Court upheld the trial court's order which allowed the mother only one, monthly, supervised visitation for six months. We held that findings concerning the mother's hostility toward the custodial parent which justified a modification of the custody from the mother to the father also justified restrictions on visitation. 94 N.C. App. at 471, 380 S.E.2d at 585.

Under plaintiff's interpretation of the statute, a trial court would be required to make specific findings to support a visitation schedule whenever a party contended the frequency of visitation was not reasonable. This interpretation goes beyond the statute's requirements. Furthermore, a practical problem in awarding plaintiff more visitation concerns the number and location of the parties asserting visitation rights in this case. Intervenor Foster lives in South Carolina, the biological father lives in Forsyth County, North Carolina, plaintiff and intervenor Raynor live in Johnston County, North Carolina. All of the parties have visitation rights. More frequent visitation may put unreasonable stress upon the minor child who could be traveling hundreds of miles each month or could be subjected to visitors on every weekend.

**[9]** The final issue is whether the trial court erred in entering a custody determination without finding a substantial change of circumstances since the entry of a prior custody determination. Specifically, plaintiff contends that the 1 August 1994 custody determination awarding joint custody to plaintiff and defendant was a final permanent custody order, and therefore, the 9 August 1995 order awarding intervenor Foster custody erroneously failed to contain findings of fact and conclusions of law to show a change in circumstances justifying modification of custody as required by G.S. 50-13.7 and 50-13.5 (1995). In short, the legal issue is, does the properly supported legal conclusion of the trial court that the natural mother is an unfit parent satisfy the statutory requirement of finding a change in circumstances pursuant to G.S. 50-13.7 and 50-13.5. We believe it does.

No decisions in North Carolina have specifically addressed whether a finding of unfitness of the custodial parent or party satisfies the statutory requirement that the trial court find a change in circumstances in order to modify a prior custody determination. In *Bivens v. Cottle*, 120 N.C. App. 467, 469, 462 S.E.2d 829, 831 (1995) this Court concluded that there was no exception to the statutory requirement that "a change in circumstances be shown before a custody decree may be modified." However, *Bivens* does not reach the issue that a finding of unfitness constitutes a change in circumstances. *See* 120 N.C. App. at 469, 462 S.E.2d at 831.

Under the 1 August 1994 order plaintiff was found to be a fit and proper parent; therefore, a finding of unfitness in a subsequent order is a substantial change in circumstances. Furthermore, because the standard for finding unfitness is much higher than the standard for finding a change in circumstances, it would seem absurd for a finding of unfitness to not be considered a change of circumstances pursuant to G.S. 50-13.7 and 50-13.5. Accordingly, we are unpersuaded by this argument.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges MARTIN, John C., and SMITH concur.