DAVIS, Judge.
 

 Plaintiff Bryant Hatcher ("Hatcher") appeals from a custody order determining that the best interests of his children required that they remain in the primary physical custody of their mother, Defendant Renee Matthews ("Matthews"). After careful review, we vacate the order and remand for further proceedings.
 

 Factual Background
 

 Hatcher and Matthews were married in 1998 and divorced in 2009. Following their
 divorce, the Circuit Court of Fairfax County, Virginia entered an order captioned "Final Custody Order" (the "Virginia Order") on 10 December 2010 giving Matthews sole legal custody and primary physical custody of their children and specifying regular visitation periods for Hatcher.
 
 [1]
 
 The order was registered in North Carolina on 22 July 2011.
 Upon Matthews' 26 August 2011 motion filed in Guilford County District Court for an emergency
 
 ex parte
 
 custody order, the trial court entered an emergency custody order on 30 August 2011 and then a temporary custody order on 23 November 2011, adjusting Hatcher's visitation pending a new custody hearing. On 20 April 2012, Hatcher filed a motion to modify custody. In his motion, he provided factual allegations in support of his assertion that Matthews had "done everything in her power to completely alienate any form of a relationship between [him] and the minor children[.]" He also claimed that because no final custody order had ever been entered in the case he was not required to show a substantial change in circumstances in order to modify custody. However, he contended that even assuming such a finding was, in fact, necessary, Matthews' recent conduct constituted a substantial change in circumstances.
 

 After the issuance of two temporary orders by the trial court, a hearing was held beginning 29 January 2015 before the Honorable Michelle Fletcher in Guilford County District Court. At the hearing, the trial court heard testimony from each of the parties and admitted into evidence a child custody evaluation that had been conducted at the court's direction.
 

 The trial court issued a new custody order on 27 April 2015, which (1) gave the parties joint legal custody of the children; (2) determined that it was "in the best interests of the minor children that their primary [physical] custody remain with [Matthews]"; and (3) adjusted Hatcher's visitation rights with the children. Hatcher filed a timely notice of appeal.
 

 Analysis
 

 On appeal, Hatcher argues that the trial court erred in awarding primary physical custody to Matthews because (1) its findings of facts did not support its legal conclusion that the best interests of the children would be served by Matthews retaining primary physical custody; and (2) at least one of its findings of fact was not supported by competent evidence in the record.
 

 "When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence."
 
 Shipman v. Shipman,
 

 357 N.C. 471
 
 , 474,
 
 586 S.E.2d 250
 
 , 253 (2003). If so, we "must determine if the trial court's factual findings support its conclusions of law."
 
 Id.
 
 at 475,
 
 586 S.E.2d at 254
 
 . The issue of whether a trial court has utilized the correct legal standard in ruling on a request for modification of custody is a question of law that we review
 
 de novo.
 

 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 13,
 
 707 S.E.2d 724
 
 , 733 (2011).
 

 N.C. Gen.Stat. § 50-13.7(b) addresses the modification of out-of-state custody orders.
 

 [W]hen an order for custody of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and a showing of changed circumstances, enter a new order for custody which modifies or supersedes such order for custody.
 

 N.C. Gen.Stat. § 50-13.7(b) (2015).
 

 However, this requirement that a party seeking modification of custody must show a substantial change in circumstances applies only when the preexisting custody order is a permanent (or final) order rather than merely a temporary one.
 

 If a child custody order is final, a party moving for its modification must first show a substantial change of circumstances. If a child custody order is temporary in nature
 ... the trial court is to determine custody using the best interests of the child test without requiring either party to show a substantial change of circumstances.
 

 LaValley v. LaValley,
 

 151 N.C.App. 290
 
 , 292,
 
 564 S.E.2d 913
 
 , 914-15 (2002) (internal citations and footnote omitted).
 

 The issue of whether an order is temporary or final in nature is a question of law that is reviewed
 
 de novo
 
 on appeal.
 
 Smith v. Barbour,
 

 195 N.C.App. 244
 
 , 249,
 
 671 S.E.2d 578
 
 , 582 (2009). An order is temporary "if either (1) it is entered without prejudice to either party; (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues."
 

 Id.
 

 (citation, quotation marks, and brackets omitted). If an order does not meet any of these criteria, it is considered permanent.
 
 Peters,
 

 210 N.C.App. at 14
 
 ,
 
 707 S.E.2d at 734
 
 . A trial court's designation of an order as "temporary" or "permanent" is not dispositive or binding on an appellate court.
 
 Smith,
 

 195 N.C.App. at 249
 
 ,
 
 671 S.E.2d at 582
 
 .
 

 In determining whether the trial court conducted the correct legal analysis in its 27 April 2015 order, we must first determine whether the Virginia Order was a temporary or permanent custody order. Based on the factors set out above, we conclude that the Virginia Order was a permanent custody order as it (1) was not entered into without prejudice to either party; (2) did not state a reconvening time; and (3) determined all of the issues, including legal and physical custody and ongoing visitation.
 

 Thus, because the Virginia Order was a permanent custody order, the trial court was required to engage in a two-step analysis in addressing Hatcher's motion to modify custody. First, the court had to determine whether a substantial change in circumstances affecting the welfare of the children had occurred. If-and only if-the trial court expressly found such a change in circumstances was it then permitted to determine whether a modification of custody would be in the best interests of the children.
 
 See
 

 West v. Marko,
 

 141 N.C.App. 688
 
 , 690-91,
 
 541 S.E.2d 226
 
 , 228 (2001) ("Permanent custody orders can only be modified by
 
 first
 
 finding that there has been a substantial change of circumstances affecting the welfare of the child. Once the trial court makes the threshold determination that a substantial change has occurred, the trial court then must consider whether a change in custody would be in the best interests of the child." (internal citations omitted and emphasis added)).
 

 "There are no exceptions in North Carolina law to the requirement that a change in circumstances be shown before a custody decree may be modified."
 
 Hibshman v. Hibshman,
 

 212 N.C.App. 113
 
 , 124,
 
 710 S.E.2d 438
 
 , 445 (2011) (citation and emphasis omitted). As such, "the trial court commits reversible error by modifying child custody absent any finding of substantial change of circumstances affecting the welfare of the child."
 
 Cox v. Cox,
 

 238 N.C.App. 22
 
 , 33
 
 768 S.E.2d 308
 
 , 316 (2014) (citation omitted).
 

 We conclude that the trial court here did not apply the correct legal standard in that it conducted a best interests analysis without first determining whether a substantial change in circumstances had occurred. The court's 27 April 2015 order contains no findings regarding a change in circumstances and instead proceeds straight into a best interests analysis. Moreover, the trial court's order, without explanation, purported to change the children's legal custody-which the Virginia Order had vested solely with Matthews-to joint legal custody between Matthews and Hatcher.
 

 In his brief to this Court, Hatcher acknowledges that the trial court would have been required to find a substantial change in circumstances before modifying custody and that its order did not expressly do so. He argues, however, that
 
 Raynor v. Odom,
 

 124 N.C.App. 724
 
 ,
 
 478 S.E.2d 655
 
 (1996), supports his contention that "a trial court need not use the term 'substantial change of circumstances' for a substantial change of circumstances to exist and to be documented in the court's order."
 

 However, Hatcher misreads our decision in
 
 Raynor.
 
 In that case, the issue was whether "the properly supported legal conclusion of the trial
 court that the natural mother is an unfit parent satisf[ied] the statutory requirement of finding a change in circumstances...."
 

 Id.
 

 at 733
 
 ,
 
 478 S.E.2d at 661
 
 . We held that
 

 [u]nder the [initial custody order] plaintiff was found to be a fit and proper parent; therefore, a finding of unfitness in a subsequent order is a substantial change in circumstances. Furthermore, because the standard for finding unfitness is much higher than the standard for finding a change in circumstances, it would seem absurd for a finding of unfitness to not be considered a change of circumstances....
 

 Id.
 

 at 734
 
 ,
 
 478 S.E.2d at 661
 
 .
 

 Thus, the trial court's specific finding in
 
 Raynor
 
 that the mother had become unfit to serve as a parent to her child constituted such a fundamental change in circumstances that an explicit supplemental finding that there had been a "substantial change in circumstances" was unnecessary. In the present case, Hatcher has failed to identify any portion of the trial court's order containing a finding as to Matthews comparable to the one in
 
 Raynor.
 

 Therefore, because the trial court applied an incorrect legal standard in its 27 April 2015 order, we must vacate the order and remand for further proceedings.
 
 See
 

 Decker v. Homes, Inc./Constr. Mgmt. & Fin. Grp.,
 

 187 N.C.App. 658
 
 , 661,
 
 654 S.E.2d 495
 
 , 498 (2007) ("We hold that the trial court applied an incorrect legal standard in ruling on this motion and we remand this portion of the case for further proceedings.");
 
 Parsons v. Pantry, Inc.,
 

 126 N.C.App. 540
 
 , 543,
 
 485 S.E.2d 867
 
 , 869 (1997) (reversing and remanding "for findings and conclusions using the proper standard");
 
 see also
 

 McMillan v. Town of Tryon,
 

 200 N.C.App. 228
 
 , 238,
 
 683 S.E.2d 747
 
 , 754 (2009) ("[W]e remand the matter to the trial court for imposition of the proper standard of review....").
 

 On remand, we direct the trial court to enter a new order containing express findings as to whether a substantial change in circumstances has occurred. If the court determines that a substantial change has, in fact, occurred, then a best interests analysis will be necessary.
 
 [2]
 
 If, conversely, the trial court finds that no substantial change in circumstances
 has occurred, then modification of custody would be inappropriate. We leave it to the trial court's discretion whether the receipt of new evidence and a new hearing are required.
 

 Conclusion
 

 For the reasons stated above, we vacate the trial court's 27 April 2015 order and remand for further proceedings not inconsistent with this opinion.
 

 VACATED AND REMANDED.
 

 Chief Judge McGEE and Judge STEPHENS concur.
 

 We note that the Virginia Order references an earlier custody order entered January 2009 in which the same Virginia trial court had placed sole legal custody and primary physical custody with Matthews. While the January 2009 order is not contained in the record on appeal, its absence does not preclude us from addressing the issues raised in this appeal.
 

 Because of our holding that the trial court failed to apply the correct legal standard, we decline to address Hatcher's arguments regarding whether competent evidence supported the trial court's findings of fact and whether those findings supported its conclusions of law.